1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10
11
12
13
14
15
16
17

| | |
|---|---|
| In re Application of<br><br>DOUGLAS REYNOLDS and JOHN ROSE,<br><br>            Petitioners,<br><br>to Take Discovery Pursuant to 28 U.S.C. § 1782 in Aid of Foreign Litigants or Proceedings. | **CASE NO.  3:21-MC-01027**<br><br>**STIPULATED PROTECTIVE ORDER** |

18
19
20
21
22
23
24
25

     By Order dated September 27, 2021, the Court granted the application of Petitioners, allowing them to serve a subpoena upon Callaway Golf Company ("Callaway"), pursuant to 28 U.S.C. § 1782, in aid of their pending litigation entitled *Douglas Reynolds and John Rose vs. Julian Morley and Truvis Limited*, pending before the High Court of Justice in England (claim no. BL-2020-00021) (the "English Action").  The subpoena was duly served on Callaway shortly thereafter, and Callaway timely served responses and objections to the subpoena and the document requests therein.

26
27
28

     The Court recognizes that at least some of the documents and information ("Materials") being sought through discovery in the above-captioned action may be, for competitive reasons, normally kept confidential by the parties.  The parties have

agreed to be bound by the terms of this Protective Order ("Protective Order") in this action.

The Materials to be produced by Callaway in response to the subpoena may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(7). The purpose of this Protective Order is to protect the confidentiality of such Materials to the extent and as provided herein.

THEREFORE:

## **DEFINITIONS**

1.     The term "Confidential Information" will mean and include information contained or disclosed in any Materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is reasonably deemed by Callaway to be Confidential Information.

2.     The term "Materials" will include, but is not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

/ / /

/ / /

3.      The term "Counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below: Jones Day; Edwin Coe LLP (and such barristers as they may instruct from time to time); Stone Law Group PLLC; and Mauriello Law Firm, APC.

## **GENERAL RULES**

4.      Each party to this application and subpoena that produces or discloses any Materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL."

5.      Designation as "CONFIDENTIAL": The party producing or providing disclosure may designate information as "CONFIDENTIAL" only if, in the reasonable and good faith belief of such party and its counsel, the unrestricted disclosure of such information could be prejudicial to the business or operations of such party, or the interests of a third party.

6.      Whenever a deposition taken of any representative of Callaway pursuant to the subpoena served on it in this matter involves a disclosure of Confidential Information of any party:

a.      the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Protective Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL."

/ / /

/ / /

b.      the disclosing party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, Counsel, the court reporter, and the person(s) agreed to below; and

c.      the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL," as appropriate.

7.      All Confidential Information designated as "CONFIDENTIAL" must not be disclosed by the receiving party to anyone other than those persons designated within this Protective Order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this application and subpoena and the English Action (and directly related proceedings, including any appeals or enforcement proceedings), unless and until such designation is removed either by agreement of the parties, or by order of the Court.

8.      Information designated "CONFIDENTIAL" must be viewed only by Counsel of the receiving party, by independent experts (so long as they agree to abide by Exhibit A attached), counsel for the parties in the English Action, and by the additional individuals listed below, provided each such individual has been provided a copy of this Protective Order in advance of disclosure and, as to persons in categories b. and c. below, has agreed in writing in Exhibit A to be bound by its terms:

a.      The parties to the English Action, including parties who may be added to the English Action after the date of this Stipulated Protective Order and representatives of any corporate parties.  Any parties added to the English Action must agree in writing in Exhibit A to be bound by its terms, or otherwise will not be given access to Information designated "Confidential";

b.      Experts hired by the parties in the English Action who agree to be bound by this Protective Order;

4

c.      Technical personnel of the parties with whom Counsel for the parties in the English Action find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action;

d.      Any judges, juries, court personnel, and mediators or neutrals who may preside over the litigation or attempted resolution of the English Action; and

e.      Stenographic and clerical employees working directly with the individuals identified above.

The parties to this Protective Order agree and acknowledge that the Petitioners are not in a position to guarantee or procure compliance with this Protective Order by those mentioned above, other than their Counsel or experts, but counsel for Petitioners will immediately notify counsel for Callaway of any suspected or known violations of the Protective Order.

9.      With respect to material designated "CONFIDENTIAL" any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

10.     All information which has been designated as "CONFIDENTIAL" by Callaway, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 3, except they can be shared with clients, and independent experts authorized to view such information under the terms of this Protective Order may retain custody of copies such as are necessary for their participation in this litigation.

11.     At any stage of these proceedings or the English Action, any party may object to a designation of the Materials as Confidential Information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to Materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on

the objection.  The Materials at issue must be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

12.     Subject to the limitations on the Petitioners' ability to guarantee or procure compliance by others (including as set out above), all Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of the application in this Court and the English Action (including any directly related proceedings such as any appeals of the English Action or enforcement proceedings).  Counsel for each party and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information.  If Confidential Information is disclosed to any person other than a person authorized by this Protective Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the affected other parties and, without prejudice to any rights and remedies of the other parties, make reasonable efforts to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

13.     No party will be responsible to another party for disclosure of Confidential Information under this Protective Order if the information in question is not labeled or otherwise identified as such in accordance with this Protective Order.

14.     If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Protective Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Protective Order. The receiving party must treat the Materials as confidential once the designating party

so notifies the receiving party. If the receiving party has disclosed the Materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure.  Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced Materials as "CONFIDENTIAL" - SUBJECT TO PROTECTIVE ORDER.

15.    Nothing within this Protective Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

16.    Nothing in this Protective Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed beyond the disclosures contemplated or anticipated by this Protective Order.

17.    This Protective Order will be without prejudice to the right of any party to oppose production of any information for lack of discoverability or any other ground other than the mere presence of Confidential Information. The existence of this Protective Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

18.    Nothing within this Protective Order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

19.    Upon final termination of this action, including any and all appeals and enforcement proceedings, counsel for each receiving party must destroy the Confidential Information in its possession or power, including any copies, excerpts, and summaries of that information, and must purge all such information from all machine-readable media in its possession or power on which such information resides (to the extent technically practicable).  Counsel for each receiving party shall within 14 days certify in writing to counsel for Callaway that such destruction

and purging has occurred.  Further, counsel for each receiving party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Protective Order with respect to all such retained information.  Further, attorney work product Materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Protective Order with respect to all such retained information.

20.     The restrictions and obligations set forth within this Protective Order will not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Protective Order; (d) is developed by or for the receiving party independently of the information disclosed by the disclosing party; or (e) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party.

21.     The restrictions and obligations within this Protective Order will not be deemed to prohibit discussions of any Confidential Information by anyone if that person already has or obtains legitimate possession of that information.

22.     Transmission by facsimile or email is acceptable for all notification purposes within this Protective Order.

23.     This Protective Order may be modified by agreement of the parties, subject to approval by the Court.

24.     The Court may modify the terms and conditions of this Protective Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.  The parties prefer that the Court provide them with notice of the

Court's intent to modify the Protective Order and the content of those modifications, prior to entry of such an order.

**IT IS SO ORDERED.**

Dated:  January 3, 2022

Hon. Dana M. Sabraw, Chief Judge
United States District Court

# EXHIBIT "A"

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order.  I agree to comply with, and to be bound by, all the terms of the Protective Order and the jurisdiction of the Court exclusively for the purpose of either enforcement of the terms of the Protective Order.  I understand and acknowledge that failure to so comply could expose me to a damages award and/or sanctions by the Court.  I solemnly promise that I will not disclose to any person or entity, nor will use or maintain in any manner, any information or Materials that are subject to the Protective Order, except in strict compliance with its provisions.

Date: _____

City and State where signed: _____

Printed Name: _____

Signature: _____